UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICOLAS LOPEZ CAPO,

          Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

          Defendant.

Case No. C17-5634 RBL

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Nicolas Lopez Capo seeks review of the denial of his application for Disability Insurance Benefits. Mr. Capo contends the ALJ erroneously rejected the opinions of Cynthia Collingwood, Ph.D., Matthey Comire, Psy.D., and Gary L. Nelson, Ph.D., and that the Court should remand the case for an award of benefits. Dkt. 9. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## **THE ALJ'S DECISION**

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:** Mr. Capo has not engaged in substantial gainful activity since November 30, 2012.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

> **Step two:** Degenerative disc disease of the back, osteoarthritis of the hip and knee; sleep apenea; coronary artery disease; hypertension; anxiety disorder; personality disorder; and obesity are severe impairments.
>
> **Step three:** These impairments do not meet or equal the requirements of a listed impairment.[2]
>
> **Residual Functional Capacity:** Mr. Capo can perform light work except he must avoid concentrated exposure to hazards in the workplace. He can perform simple and detailed tasks, but would have difficulties performing complex tasks consistently, He can have occasional, brief, and superficial interactions with the public. He can work in proximity to coworkers and interact briefly with coworkers, but would perform better in more solitary tasks. He can adapt o occasional or less than occasional changes in a work place.
>
> **Step four:** Mr. Capo cannot perform past relevant work.
>
> **Step five:** Mr. Capo can perform other jobs that exist in significant numbers in the national economy, and is not disabled.

Tr. 22-35. The ALJ's decision is the Commissioner's final decision because the Appeals Council denied review. Tr. 1.[3]

## DISCUSSION

**A.  The ALJ's Evaluation of the Medical Evidence**

Mr. Cabo contends the ALJ erred in rejecting the opinions of Cynthia Collingwood, Ph.D., Matthey Comire, Psy.D., and Gary L. Nelson, Ph.D. The ALJ must generally give more weight to the opinion of a treating physician than to a non-treating physician, and more weight to the opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). An ALJ does this by setting out a detailed and thorough summary of the facts and conflicting evidence, stating his or her interpretation of the facts and evidence, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ must do more than offer his or her conclusions; he or she must also explain why his interpretation, rather

---

[2] 20 C.F.R. Part 404, Subpart P. Appendix 1.
[3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

than the treating doctor's interpretation, is correct. *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). Where not contradicted by another physician, a treating or examining physician's opinion may be rejected only for "clear and convincing reasons." *Lester*, at 830-31. Where contradicted, a treating or examining physician's opinion may not be rejected without "specific and legitimate reasons" that are supported by substantial evidence in the record. *Id.* The Commissioner suggests (Dkt. 10 at 3, n.1) these standards are inappropriate, a notion the Court rejects as inconsistent with controlling law.

### 1. *Dr. Collingwood*

In September 2015, Dr. Collingwood completed a psychological evaluation of Mr. Cabo. Tr. 749. The ALJ noted the doctor performed a clinical interview, a mini-mental status exam (MMSE), reviewed Mr. Cabo's medical records, and opined Mr. Cabo could not perform complex tasks without assistance; he could not persist in simple tasks consistently when he had anxiety symptoms or depressed mood; his symptoms render him unable to sustain work activities for a normal workday and week; Mr. Cabo's anxiety and depressive symptoms were inadequately treated, and that he had mild psychotic symptoms. Tr. 31. The ALJ also noted that Dr. Collingwood found Mr. Cabo was markedly impaired in his ability to interact with others, preventing him from seeking or persisting at work and that he would be too anxious, confused or paranoid to function normally in a work setting. *Id.*

The ALJ gave "little weight" to the doctor's opinions. Tr. 32. First, the ALJ found Dr. Collingwood indicated Mr. Cabo's symptoms were "inadequately treated" at the time of her evaluation, and that VA medical records show Mr. Cabo had "numerous 'no-shows' after 2014 and had been off his prescribed medication." *Id*. The ALJ erroneously failed to articulate why these factors undermine Dr. Collingswood's opinions. For instance, the ALJ did not find there

was medical evidence showing medications relieved the symptoms Dr. Collingwood observed. The ALJ also did not cite any evidence establishing Mr. Cabo's no-shows were unrelated to his mental illness, i.e., that he failed to attend treatment because he is not as impaired as he claims. Hence the ALJ presented no factual support for the conclusion that medications, or the "no-shows" undermine Dr. Collingwood's opinions.

      Because the ALJ did not explicate, the Commissioner attempts to fill in the void. The Commissioner defends the ALJ's decision arguing "amount of treatment" is grounds to reject a medical opinion; that Mr. Cabo is not credible; and that Mr. Cabo's symptoms improved with medications. Dkt. 10 at 4-5. The ALJ did not articulate these reasons as grounds to reject Dr. Collingwood's opinions, or identify facts supporting these grounds. The Commissioner's argument is thus an improper post-hoc rationalization this Court cannot rely on to affirm the ALJ. *See Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). The Court reviews the ALJ's decision "based on the reasoning and findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 1995).

      Further the Commissioner's arguments disregards Dr. Collingwood's evaluation. The evaluation stated Mr. Cabo has a "long history of psychiatric symptoms with multiple failed treatment attempts." Tr. 752. The doctor further stated Mr. Cabo has had "difficulty maintaining appropriate psychiatric care," noting Mr. Cabo was reluctant to engage in group therapy because he felt "unwelcome"; how he "had only minor improvements with symptoms and dropped out; and that Mr. Cabo is "anticipating another treatment attempt . . . in the near future." Tr. 750. In short Dr. Collingwood found Mr. Cabo is inadequately treated due to his history of multiple failed treatment attempts. Similarly, the gaps in treatment and discontinuation of medications

flow from Mr. Cabo's struggles with his mental health treatment. Mr. Cabo testified he did not trust the mental health providers at the VA, Tr. 61, and his medication to treat his nightmares was not effective, Tr. 62. Though the ALJ discounted Mr. Cabo's testimony, the ALJ did not reject Dr. Collingwood's opinions on the grounds it was too heavily based upon Mr. Cabo's statements.

Accordingly, the Court concludes the ALJ erroneously rejected Dr. Collingwood's opinions by failing to explain how or why Mr. Cabo's lack of treatment establishes he is less limited then the doctor found, and as unsupported by substantial evidence. In finding harmful error, the Court notes while the ALJ need not agree with the doctor's assessment the ALJ cannot reject it without adequate explanation. The ALJ is required to set forth the reasoning behind his or her decisions in a way that allows for meaningful review. A clear statement of the ALJ's reasoning is necessary because we can affirm the agency's decision to deny benefits only on the grounds invoked by the agency. *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1054 (9th Cir. 2006). This did not occur and the ALJ thus erred as a matter of law.

The ALJ also rejected Dr. Collingwood's opinions on the grounds they were inconsistent with Mr. Cabo's activities of daily living. Tr. 32. The ALJ found Mr. Cabo told Dr. Collingwood he could not drive but testified at the hearing before the ALJ that "he had no problems driving." *Id.* The record contradicts the finding. The record shows the ALJ asked Mr. Cabo "Do you drive?" Mr. Cabo answered "yes." The ALJ then asked "Any problems driving?" Mr. Cabo answered "Sometimes when I see people I see sometimes – I don't know, people make me like signs and stuff." Tr. 63. Mr. Cabo further testified that "My wife drives me most of the time." Tr. 64. Dr. Collingswood also noted that "his wife drove him to the exam," Tr. 751, and "He no longer drives." Tr. 752.

The ALJ also found Mr. Cabo's ability to relocate from Florida to Washington State with a disabled wife and his son was inconsistent with Dr. Collingwood's opinions. Tr. 32. The ALJ provided no explanation as to how or why the relocation contradicted the doctor's opinions. The ALJ cited no evidence regarding what was involved in the relocation and whether it required Mr. Cabo to perform activities Dr. Collingwood found he could not. The record shows that Mr. Cabo's wife drives for Mr. Cabo and hence while she is "100%" disabled, there is no indication that she could not or did not do the driving, if driving was involved in the relocation. Without more, the mere fact Mr. Cabo relocated is an insufficient basis to reject Dr. Collingwood's opinions.

The ALJ also rejected Dr. Collingwood's opinion on the grounds that he homeschooled his son, and stopped due to conflicts he had with his wife over teaching styles, not disability. Tr. 32. The record shows Mr. Cabo moved from Florida to Washington State sometime in June, 2013. Tr. 514. On January 10, 2014, Mr. Cabo told one of his treating sources that due to son's academic problems he and his wife had abandoned homeschooling due to "differences in teaching style" and that their son was attending school. Tr. 485.

These facts do not contradict Dr. Collingwood's opinions. First, it is unclear how long Mr. Cabo's son was homeschooled. The record indicates it was short-lived and at most from September to December 2013, though even that is unknown. Second, the record does not indicate what Mr. Cabo's role was in homeschooling. The record shows his wife was also involved in the homeschooling but it is unknown whether Mr. Cabo was heavily involved or not. Third, the record does not show whether Mr. Cabo was able to participate effectively in homeschooling.

The short period during which Mr. Cabo's son was homeschooled, and Mr. Cabo's concern about his son's academic issues suggests the homeschooling was unsuccessful, and not evidence of functional capabilities exceeding those found by Dr. Collingwood.

In sum, the Court concludes that the ALJ erred in rejecting Dr. Collingwood's opinions. The error was not harmless because the ALJ's RFC determination and the hypothetical questions posed to the vocational expert do not account for all limitations the doctor assessed. *See* 20 C.F.R. § 416.945(a) (RFC must properly assess all the relevant evidence); *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir.2002) (hypothetical questions an ALJ poses to a VE must include all of the claimant's functional limitations).

### 2. *Drs. Comrie and Nelson*

Drs. Comrie and Nelson reviewed the record and opined Mr. Cabo would have difficulty concentrating for extended periods due to bouts of anxiety and would be best suited to limited coworker contact and superficial public contact. The ALJ rejected the doctors' opinion that Mr. Cabo would have problems concentrating for extended periods on the grounds it is inconsistent with his ability to play video games, read, care for his wife and homeschool his son. The Commissioner defends the ALJ's rationale arguing the ALJ need do nothing more than state the limitation is inconsistent with "plaintiff's activities in which he sustained ample concentration." Dkt. 10 at 10-11. However, as discussed above, the ALJ is required to set forth the reasoning behind his or her decisions in a way that allows for meaningful review.

Here, the Commissioner's argument that an ALJ's conclusory statements suffice runs afoul of this rule. Moreover, substantial evidence does not support the ALJ's rationale. As noted above, there is virtually no evidence regarding what Mr. Cabo did to homeschool his son. The ALJ's finding is not supported where it involves guess work. Mr. Cabo indicates he tries to care

for his wife but the record indicates, it is Mr. Cabo's wife who provides more care. She drives Mr. Cabo to his appointments, and stated she dispenses his medications due to his forgetfulness and that he spends 10 minutes or less a week on house and yard chores. Tr. 225. And as to playing video games, it is unknown what games are involved or how long Mr. Cabo plays them. The Court further notes the doctors' opined Mr. Cabo's concentration limitations were "due to bouts of anxiety," a symptom which would not be tied to playing a video game at home. The Court accordingly concludes the ALJ erred in rejecting the opinions of Drs. Comrie and Nelson.

**B.      Scope of Remand**

Mr. Cabo argues the Court should remand the case for an immediate award of benefits. The Court may remand for an award of benefits where record is fully developed and additional proceedings would serve no useful purpose; the ALJ failed to provide legally sufficient reasons for rejecting evidence, and if the improperly discredited evidence were credited as true, the claimant would be disabled. *See Garrison v. Colvin,* 759 F3d 995, 1020 (9th Cir. 2014). *Id* at 1023. However, a case should be remanded for an award of benefits only in rare circumstances. *See Treichler v. Colvin* 775 F3d 1090 (9th Cir. 2014). Here because the Court deems further proceedings is necessary to assess the above medical opinions the Court finds it appropriate to remand the matter for further proceedings.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess the opinions of Drs Collingwood, Comrie, and

Nelson, develop the record and reassess Mr. Cabo's RFC as needed and proceed to step five as appropriate.

DATED this 12th day of March, 2018.

Ronald B. Leighton
United States District Judge